R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Thomas Hussey*

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS HUSSEY,<br><br>Plaintiff,<br><br>v.<br><br>KNOCKOUT INDUSTRIES, LLC,<br>TONYA DANIEL and DOES 1-10,<br><br>Defendants. | **Case No.:** 1:18-cv-7893 |

### COMPLAINT AND JURY DEMAND

Plaintiff, Thomas Hussey ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli PC, for his complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is an individual doing business as Tom Hussey Photography, LLC with an address at 154 Express Street, Dallas, Texas 75207.

4. Upon information and belief, defendant Knockout Industries, LLC ("Knockout Industries") is a company registered in the State of New York with a place of business at 1846 Washington Avenue, Bronx, New York, 10457.

5. Upon information and belief, defendant Tonya Daniel ("Defendant Daniel") is an individual doing business in the State of New York, with a principal place of business at 1846 Washington Avenue, Bronx, New York, 10457.

6. Defendants Does 1 through 10 ("Doe Defendants" and together with Knockout Industries and Defendant Daniel, collectively, "Defendants") are currently unknown to Plaintiff and, as such, are identified in this action with fictitious names. Upon information and belief, each of the Doe Defendants are legally responsible at least in part for the events and actions constituting the conduct damaging Plaintiff. Plaintiff will seek leave of Court to amend this complaint to identify and include the actual names and capacities of the Doe Defendants after Plaintiff obtains such information.

## JURISDICTION AND VENUE

7. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

8. Personal jurisdiction over Defendants is proper. Defendants are conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

9.  Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.  Plaintiff's Business**

10.  Plaintiff is a professional photographer based out of Texas and, through his business Tom Hussey Photography, LLC, creates and licenses photographic images for various uses.

11.  Plaintiff has established a significant and valuable reputation through the success of his many works. He specializes in commercial advertising and lifestyle photography and has worked for a wide range of national and international clients. His "Reflections" series of photographs for Novartis won a Gold Addy Award from the American Advertising Federation and was featured in Communication Arts 2010 Photography Annual. In 2011, Plaintiff was the only American to be named in the top 10 of *Adweek's* "Top 100" (out of more than 2,760) illustrator, graphic artist, art director, design shop, photographer and student portfolios.

12.  In addition to his commercial shooting, Plaintiff has taught photography at the Rochester Institute of Technology in New York and Texas A&M University-Commerce and has worked in the Conservation Laboratory at the International Museum of Photography at George Eastman House.

13.  Photography is his life's work and his love and dedication to the art is remarkably illuminated in his works.

14.  Plaintiff's intellectual property is very important to him.

15.  Among the many moving photographs taken by the Plaintiff, Plaintiff is the original author of a photographic image entitled, *N-56-2282-Seamstress,* which is at issue in this case (the

"Copyrighted Work"). Attached hereto as Exhibit A is a copy of the Copyrighted Work.

16. Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the Copyrighted Work.

17. On February 8, 2011, Plaintiff obtained a certificate of registration with the United States Copyright Office for the Copyrighted Work, in a bulk registration along with other works. Attached hereto as Exhibit B is a copy of the Certificate for Registration Number VA 1-057-381 obtained from the United States Copyright Office.

18. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

19. The Copyrighted Work included such copyright management information in the metadata of the photograph.

**B.    Defendants' Unlawful Activities**

20. Upon information and belief, Defendants own, operate, or participate in the operation of a number of websites, including one located at the URL http://www.tonyatko.com, where Defendants publish articles and blogs and use high quality photographic images, such as those belonging to Plaintiff, to draw internet users to visit and linger at Defendants' websites, thus generating advertising revenue that grows as its viewership grows and profiting at the expense of Plaintiff.

21. Plaintiff has discovered Defendants are and have been infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

22. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at websites located at the following URLs (herein after the "Infringing Websites"):

- http://tonyatko.com/wp-content/uploads/2015/12/P40B-Older-and-younger-woman-mirror-photo-credit-Thomas-Hussey-Reflections-series.png

- http://tonyatko.com/why-you-look-so-young-secretly-harms-women/

23. Screenshots of infringement of the Copyrighted Work is attached hereto as Exhibit C and are hereinafter referred to as the Infringing Websites.

24. Upon information and belief, the Infringing Websites are owned or operated by Defendants.

25. Upon information and belief, Defendants located the Copyrighted Work on the internet and, without authorization from Plaintiff, first downloaded the Copyrighted Work to its computer system and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully reproducing and distributing the Copyrighted Work, where the Copyrighted Work was then publicly displayed without Plaintiff's permission.

26. Defendants reproduction, distribution, and public display of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

27. Defendants unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work are knowing and willful and in reckless disregard of Plaintiff's rights.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

28. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

29. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

30. As exclusive owner, Plaintiff has sufficient rights, title and interest in and to the copyright in the Copyrighted Work to bring suit.

31. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, defendant Defendants had access to the Copyrighted Work prior to the creation of the Infringing Websites.

32. By their actions, as alleged above, Defendants have infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

33. Upon information and belief, the infringement by Defendants is willful and deliberate and Defendants have profited at the expense of Plaintiff.

34. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

35. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

36. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

37. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

38. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

39. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

40. As an alternative theory to his direct infringement claim, in the event Defendants contend the infringing conduct described above is done by another, Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

41. By their actions, as alleged above, Defendants' foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

42. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendants have profited at the expense of Plaintiff.

43. As a direct and proximate result of Defendants' contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover their actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

44. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

45. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum

statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

46. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

47. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**THIRD CLAIM FOR RELIEF**
**(Vicarious Copyright Infringement)**

48. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

49. As an alternative theory to his infringement claims above, to the extent any of the Defendants contend they did not directly infringe or contributorily infringe Plaintiff's copyright, Defendants each had the right or ability to control the direct infringement described above.

50. As a result of each Defendants' right or ability to supervise the direct infringement described above, Defendants could have prevented or stopped the direct infringement but did not take any action to do so.

51. Defendants each had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and each Defendant benefitted from that direct infringement.

52. As a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to

recover their actual damages resulting from Defendants' uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

53. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

54. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

55. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

56. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**FOURTH CLAIM FOR RELIEF**
**(Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)**

57. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

58. Plaintiff included in his Copyrighted Work digital copyright management information.

59. Upon information and belief, Defendants removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would

conceal its infringement of Plaintiff's copyright.

60. Upon information and belief, Defendants reproduced, distributed and publicly displayed the Copyrighted Work without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

61. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

62. Upon information and belief, the acts of representatives of Defendants violated the Digital Millennium Copyright Act and were and are willful.

63. By reason of the violations of the Digital Millennium Copyright Act committed by Defendants, Plaintiff has sustained and will continue to sustain substantial injuries.

64. Further irreparable harm is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendants, their officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendants from engaging in further violations of the Digital Millennium Copyright Act.

65. At his election, and in lieu of Defendants' profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

66. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendants have infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendants resulting from their reproduction, distribution or display of the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. A declaration that Defendants violated the Digital Millennium Copyright Act by intentionally providing and distributing false copyright management information to conceal infringement;

8. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendants from their violations of the Digital Millennium Copyright Act or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium

Copyright Act;

      9.     Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future violation of the Digital Millennium Copyright Act;

      10.    Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in § 1203(b)(5);

      11.    Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

      12.    Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

      13.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

By: */s/R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff,
Thomas Hussey*

Dated: August 29, 2018