R. Terry Parker, Esq.
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Thomas Hussey*

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS HUSSEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KNOCKOUT INDUSTRIES, LLC,<br>TONYA DANIEL and DOES 1-10,<br><br>　　　　　Defendants. | **Case No.: 1:18-cv-07893-PGG** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### MOTION FOR DEFAULT JUDGMENT

# Table of Contents

| | |
|---|---|
| **STATEMENT OF FACTS** ................................................................................................ | 6 |
| **ARGUMENT** ....................................................................................................................... | 7 |
| **I. Legal Standard** ............................................................................................................ | 7 |
| **II. Plaintiff's Complaint Adequately States a Claim for Copyright Infringement** ................ | 7 |
| **III. Plaintiff is Entitled to the Relief Sought** ..................................................................... | 8 |
|     **A. Plaintiff Need Not Establish Actual Damages** ..................................................... | 8 |
|     **B. The Statute Warrants the Monetary Relief Sought** ............................................. | 9 |
|     **C. Precedent Warrants the Monetary Relief Sought**………………………………….……11 | |
|     **D. Plaintiff is Entitled to A Permanent Injunction**………………………………………………12 | |
|     **E. Plaintiff is Entitled to Attorneys' Fees, Cost and Interest** .................................... | 13 |
| **CONCLUSION** .................................................................................................................. | 15 |

# **Table of Authorities**

## **Cases**

*DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005) ..................................................................6

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112 (2d Cir. 2007).. .......................................................................................................................................................13

*Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1543-45 (S.D.N.Y. 1991)........................9

*Bounty Fresh, LLC v. Paradise Produce, Inc.*, 2010 U.S. Dist. LEXIS 97775 (E.D.N.Y., Sept. 16, 2010)………………………………………………………………………………………………...14

*Capitol Records Inc. v. Thomas-Rasset*, 680 F. Supp. 2d 1045 (D. Minn. 2010)............................................8

*Computer Assocs. Int'l, Inc. v. Altai, Inc*., 982 F.2d 693, 701 (2d Cir. 1992)....................................................6

*D.C. Comics v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990)........................................................................9

*Douglas v. Cunningham*, 294 U.S. 207, 209 (1935)......................................................................................10

*Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) .............6

*Engel v. Wild Oats, Inc*., 644 F.Supp. 1089, 1091 (S.D.N.Y. 1986) ..............................................................12

*Entral Grp. Int'l, LLC v. Sun Sports Bar Inc.*, 2007 U.S. Dist. (E.D.N.Y. Sept. 28, 2007)............................14

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 288, 233 (1952).................................................12

*Fameflynet, Inc. v. Shoshanna Collection, LLC*, 2017 U.S. Dist. (S.D.N.Y. Sept. 29, 2017) .......................11

*Feist Publ'ns, Inc. v. Rural Tell. Serv. Co.*, 499 U.S. 340, 361 (1991) ..............................................................6

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986) .........................................9

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.. Inc.*, 807 F.2d 1110, 1114 (2d Cir. 1986) ................................7

*GAKM Res. LLC v. Jaylyn Sales Inc*., 2009 U.S. Dist. (S.D.N.Y. July 20, 2009).........................................14

*Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999)............................................................................9

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ...........................................................................................13

*International Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 658 (N.D. Ill. 1987)......................................10

*Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010-11 (2d Cir. 1995)..........................................................9

*Latin Am. Music Co. v. Spanish Broad. Sys., Inc*., 232 F. Supp. 384, 393 (S.D.N.Y. 2017)..........................9

*Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F. Supp. 730, 732 (S.D.N.Y. 1981) ....................12

*Los Angeles News Serv. v. Reuters Television Int'l, Ltd*., 149 F.3d 987, 996 (9th Cir. 1998) .......................11

*Louis Vuitton Malletier v. Artex Creative Int'l Corp*., 687 F. Supp. 2d 347, 360 (S.D.N.Y. 2009)...............13

*Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987) .....................13

*N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252-53 (2d Cir. 1992).................................11

*Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)..........................6

*Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002)....................................................................6

*Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1991) .......................................................................................9

*Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 507-508 (1st Cir. 2011) ............................... 8

*Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971) ............................................................ 6

*Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. VREX Constr., Inc.*, (June 11, 2018 S.D.N.Y.) ............................................................................................................................................. 14

*UMG Recordings, Inc. v. MP3.Com, Inc.*, 2000 Copyright L. Dec. (CCH) ¶ 28,141 (S.D.N.Y. 2000) .......... 8

*Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 196 (1st Cir. 2004) ........................................... 10, 12

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113-14 (2d Cir. 2001) .................................................. 10, 12

*Yurman Design, Inc. v. PAJ, Inc.*, 93 F. Supp. 2d 449, 461–462 (S.D.N.Y. 2000) .................................... 7, 11

*Yurman Designs, Inc. v. PAJ, Inc.*, 125 F. Supp. 2d 54, 58 (S.D.N.Y. 2000) ................................................ 14

**Statutes**

17 U.S.C. § 410(c) ............................................................................................................................................ 6

17 U.S.C. § 504(a)(2) ....................................................................................................................................... 7

17 U.S.C. § 504(c) ..................................................................................................................................... passim

17 U.S.C. § 504(c)(1) ....................................................................................................................................... 7

17 U.S.C. § 504(c)(2) .................................................................................................................................... 8, 9

17 U.S.C. § 505 .............................................................................................................................................. 13

28 U.S.C. § 1961 ....................................................................................................................................... 13, 15

**Other Authorities**

Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, § 2, 113 Stat. 1774 (codified as amended at 17 U.S.C. § 504(c)) ........................................................................... 12

**Rules**

Federal Rule of Civil Procedure 54(d)(1) ...................................................................................................... 13

Federal Rule of Civil Procedure 55 ................................................................................................................. 5

Pursuant to Rule 55 of the Federal Rules of Civil Procedure and Your Honor's Individual Practices, Thomas Hussey ("Plaintiff"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his application for an entry of default judgment against defendant Knockout Industries, Inc. ("Knockout"),[1] enjoining Knockout from its acts of copyright infringement and for an award of statutory damages and attorneys' fees and costs.

## STATEMENT OF FACTS

On August 29, 2018, Plaintiff filed his complaint against Knockout and others. *See* ECF No. 1. On August 31, 2018, Plaintiff caused a request for a waiver of service pursuant to Rule 4 of the Federal Rules of Civil Procedure to be sent by FedEx to defendants Knockout and Tonya Daniel at the address of 1846 Washington Avenue, Bronx, New York, 10457, the last known place of business for Ms. Daniel and Knockout. *See* Declaration of R. Terry Parker In Support of Motion for Default ("Parker Decl.") at ¶ 3. On September 20, 2018, having received no answer to his requests for a waiver of service and having learned that Knockout and Ms. Daniels were possibly doing business at another address, namely, at 4306 3rd Avenue, 3rd Floor, Brooklyn, New York 11232, Plaintiff sent a request for waiver of service to Ms. Daniel and her company Knockout at 4306 3rd Avenue, 3rd Floor, Brooklyn, New York 11232. *Id.* at ¶ 4.

Having still not received a response to his requests for waiver of service, on October 16, 2-018, Plaintiff caused Knockout to be served by delivering to and leaving with an agent of the Secretary of State, of the State of New York, two copies of the summons and complaint. *Id.* at ¶ 5. In addition, Plaintiff caused copies of the summons and complaint to be emailed to Knockout at thckdimepz@hotmail.com, and email address associated with Defendant Tonya J. Daniel. *Id.* at ¶ 6. Plaintiff has also sent copies of the summons and complaint to another email address believed to be used by Ms. Daniels, tonyatko@gmail.com.

---

[1] Plaintiff's motion for default is limited to one defendant, Knockout, as Ms. Daniel's residence is not known.

Neither Knockout, nor Ms. Daniels, has answered or otherwise responded to Plaintiff with respect to the complaint, and the time for Knockout to answer or otherwise respond has not been extended.

## ARGUMENT

### A. Legal Standard

Once a party has defaulted, the court must treat the factual allegations set forth in the complaint as proven except for those contentions relating to damages. *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971) ("a default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability"); *see also DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.") (internal quotation marks and citation omitted)); *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citation omitted)).

### B. Plaintiff's Complaint Adequately States a Claim for Copyright Infringement

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tell. Serv. Co.*, 499 U.S. 340, 361 (1991); *see also Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 701 (2d Cir. 1992). A certificate of registration issued by the United

6

States Copyright Office constitutes *prima facie* evidence of validity and ownership of the disputed material. *See* 17 U.S.C. § 410(c); *see also Ford Motor Co.*, 930 F.2d at 290-91 (citing cases).

Plaintiff's complaint alleges ownership of valid copyrights and a certificate of registration issued by the United States Copyright Office for the copyrighted work at issue. *See* ECF No. 1 at ¶¶ 16-18, 29-30. In addition, Plaintiff has alleged that Knockout has not only copied Plaintiff's work, but has distributed and publicly displayed his work in violation of sections 106 and 501 of the Copyright Act. *See id.* at ¶¶ 22-26, 31-32. Plaintiff has further alleged that such infringing conduct was willful. *See id.* at ¶¶ 27, 33. Plaintiff has thus established grounds to impose liability on Knockout for copyright infringement in keeping with the precedent set forth by the Second Circuit in *Trans World Airlines*.

### C. PLAINTIFF IS ENTITLED TO THE RELIEF SOUGHT

Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). *See also Fitzgerald Publ'g Co. v. Baylor Publ'g Co. Inc.*, 807 F.2d 1110, 1114 (2d Cir. 1986) (copyright "owner may elect to recover - instead of actual damages and profits - statutory damages under 17 U.S.C. § 504(c)(1) for those works whose copyrights were registered at the time the infringement occurred."). The statutory damages provision of the Copyright Act provides for an award of statutory damages for infringement in an amount from $750 to $30,000 if the infringer acted without willfulness or of up to $150,000 if the infringer acted willfully, as the court considers just. *See* 17 U.S.C. § 504(c)(1). Given the dictates of the statute and the case law, Plaintiff's request for $30,000 in statutory damages is justified.

### A. Plaintiff Need Not Establish Actual Damages

While plaintiffs seeking default judgments in most civil actions need to establish the amount of damages suffered, that is not the case for default judgments under the Copyright Act

because statutory damages are awarded even in the absence of actual damages under section 504(c) of the Copyright Act. *See, e.g., Yurman Design, Inc. v. PAJ, Inc.*, 93 F. Supp. 2d 449, 461–462 (S.D.N.Y. 2000) (awarding statutory damages without any evidence of plaintiff's actual damages). Nor should Plaintiff's monetary remedy be hampered by Defendant's failure to profit from the infringement. *See UMG Recordings, Inc. v. MP3.Com, Inc.*, 2000 Copyright L. Dec. (CCH) ¶ 28,141 (S.D.N.Y. 2000) (awarding $25,000 per each infringing CD despite evidence defendant failed to profit from the infringement); *Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487, 507-508 (1st Cir. 2011) (affirming instructions for damages that failed to set statutory damages as reasonably related to actual damages); *Capitol Records Inc. v. Thomas-Rasset*, 680 F. Supp. 2d 1045 (D. Minn. 2010) (awarding approximately $80,000 per 99 cent song).

Accordingly, while Defendant has by its infringement saved itself the $56,000 that others have paid to license Plaintiff's works, *see* Declaration of Thomas Hussey at ¶ 3, Plaintiff need not demonstrate damage to the value of the Copyrighted Work in order to obtain the relief sought.

**B.     The Statute Warrants the Monetary Relief Sought**

A plain reading of the statute warrants awarding $30,000 in statutory damages for willful infringement. The statute sets three tiers for infringement, 1) innocent infringement from $200 to $750, 2) ordinary infringement from $750 to $30,000, and 3) willful infringement from $30,000 to $150,000. *See* 17 U.S.C. § 504(c). For example, section 504(c)(1) allows recovery, instead of actual damages and profits, an award of statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just." *Id*. Section 504(c)(2) allows for the statutory amount to move below this $750 floor down to $200 for what courts have called "innocent" infringement. *See* 17 U.S.C. § 504(c)(2) ("In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts

8

constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $ 200."). Under Second Circuit precedent, "innocent" infringement is not the equivalent of infringement that lacks willfulness:

> It is plain that "willfully" infringing and "innocent intent" are not the converse of one another. Thus, it is possible in the same action for a plaintiff not to be able to prove a defendant's willfulness, and, at the same time, for the defendant to be unable to show that it acted innocently.

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986).

To demonstrate the requisite innocence, "an infringer must show (1) a subjective good faith belief in the innocence of its conduct that was (2) objectively reasonable under the circumstances." *Latin Am. Music Co. v. Spanish Broad. Sys., Inc.*, 232 F. Supp. 384, 393 (S.D.N.Y. 2017). In contrast, willfulness is established in the context of statutory damages if the "infringer either had actual knowledge that it was infringing plaintiffs' copyrights or else acted in reckless disregard of the high probability that it was infringing plaintiff's copyrights." *UMG Recordings, Inc.*, 2000 U.S. Dist. LEXIS 13293, *14 (S.D.N.Y. Sept. 6, 2000) (citing *Hamil America, Inc. v. GFI*, 193 F.3d 92, 97 (2d Cir. 1999) ("The standard is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded the possibility."); *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010-11 (2d Cir. 1995) ("Reckless disregard of the copyright holder's rights suffices to warrant award of the enhanced damages."). Notably, willfulness is found even where an infringer acted under the belief that their infringement constituted fair use. *See, e.g., Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1543-45 (S.D.N.Y. 1991) (finding commercial photocopier of college coursepacks a willful infringer despite belief in fair use defense); *Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1991) (characterizing Koons as a willful infringer despite fair use defense).

Accordingly, even in the absence of evidence of willfulness, statutory damages for infringement may fall within this tier of $750 to $30,000 whereas, if there is a showing of willfulness, section 504(c)(2) provides for the enhancement of damages up to $150,000.  17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $ 150,000.").  In light of the statute's structure and wording, an award between $30,000 and $150,000 for willful infringement is thus justified.

### C.   Precedent Warrants the Monetary Relief Sought

The need to encourage copyright owners to protect their property justifies the relief sought since a key purpose in adding the statutory damages provision to the Copyright Act was to encourage plaintiffs to take their infringement claims to court, which may be costly and inconvenient in cases where they would otherwise face a minimal recovery.  *See, e.g., Douglas v. Cunningham*, 294 U.S. 207, 209 (1935) (referring to the inclusion of statutory damages in the 1909 Copyright Act).  Before the addition of statutory damages to the Copyright Act, the available remedies were ineffective to discourage "willful and deliberate infringement" because plaintiffs had little incentive to incur the expense of trial when the infringing conduct yielded little profit.  *Id.*

In 1999, in the wake of the new presence of on-line copyright infringement, Congress amended the Copyright Act to raise the maximum for statutory damages up to $150,000 as a means of deterring the growth of digital infringement.  *See* Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, § 2, 113 Stat. 1774 (codified as amended at 17 U.S.C. § 504(c)).  Circuit Courts have adhered to the deterrence purpose set by Congress, mandating that "[s]tatutory damages are not meant to be merely compensatory or

restitutionary." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113-14 (2d Cir. 2001); *see also Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 196 (1st Cir. 2004) (holding the statutory provision of the Copyright Act is a punitive measure designed to deter infringers); *see also International Korwin Corp. v. Kowalczyk*, 665 F. Supp. 652, 658 (N.D. Ill. 1987) ("To determine the amount of statutory damages the court should primarily focus upon two factors: the willfulness of the defendant's conduct, and the deterrent value of the sanction imposed").  The purpose of the statutory award is meant to discourage wrongful conduct.  *Yurman Design, Inc.,* 262 F.3d at 114; *see also Venegas-Hernandez*, 370 F.3d at 196 (remanding award of $100,000 per infringed song because "plaintiffs should be free to argue to the district court that the statutory damages rate should be increased, subject to the statutory cap of $150,000 per song"); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) ("a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement").

Some courts have—erroneously—limited statutory damages for willful copyright infringement to a reasonable licensing fee plus a multiple of three to five to account for willful conduct.  *See, e.g., Fameflynet, Inc. v. Shoshanna Collection, LLC*, 2017 U.S. Dist. LEXIS 162704, *15 (S.D.N.Y. Sept. 29, 2017).  However, tying the amount of damages under section 504(c) to actual damages plus a random multiplier inflates the importance of actual damages.  For example, to determine the amount of statutory damages within the range allowed by 504(c), the Second Circuit instructs that Courts may consider a number of factors, typically, "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperating in providing evidence concerning the value of the infringing material;

11

and (6) the conduct and attitude of the parties." *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252-53 (2d Cir. 1992). Actual damages is but one item a court may consider and in the Second Circuit there is a long tradition of courts awarding statutory damages without any consideration of actual damages or where such damage is absent. *See, e.g., Yurman Design, Inc. v. PAJ, Inc.*, 93 F. Supp. 2d at 461–462. (S.D.N.Y. 2000) (awarding $275,000 in damages against a defendant with a revenue of $19,000 for both infringing and non-infringing items in a product line); *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F. Supp. 730, 732 (S.D.N.Y. 1981) ("statutory damages are appropriate where, as here, the measure of actual damages is difficult to prove."); *Engel v. Wild Oats, Inc.*, 644 F.Supp. 1089, 1091 (S.D.N.Y. 1986) ("flexibility in fashioning an appropriate award when actual damages and profits are unclear is entirely consonant with the broader goal of providing the copyright owner with a 'potent arsenal of remedies against the infringer'") (citation omitted).

In addition, hinging a statutory award on a reasonable licensing fee plus a random multiplier is flawed because it strays from the statute's purpose of deterrence. For example, the court in *Fameflynet, Inc.* awarded $750 for willful infringement, which, though this award was more than three times that licensing fees produced in that case, $750 is hardly a deterrent to a defendant willing to pay the attorneys' fees incurred in that case. *Fameflynet*, 2017 U.S. Dist. LEXIS 162704, at *15. Multiplying a licensing fee times three strays from precedent. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 288, 233 (1952)("[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy." Statutory damages in the Copyright Act are purposefully punitive and "are not meant to be merely compensatory or restitutionary." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113-14 (2d Cir. 2001); *see also Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 196 (1st Cir. 2004) (holding the statutory

provision of the Copyright Act is a punitive measure designed to deter infringers). This deterrence is especially important in the internet age of infringement, Congress having amended the Copyright Act to raise the maximum for statutory damages up to $150,000 as a means of deterring the growth of online infringement. *See* Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, § 2, 113 Stat. 1774 (codified as amended at 17 U.S.C. § 504(c)).

### D. Plaintiff Is Entitled To Attorneys' Fees, Cost And Interest

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. While bad faith is not required for an award of attorneys' fees, district courts consider factors including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. Federal Rule of Civil Procedure 54(d)(1) also provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Knockout's willful infringement and failure to appear and respond in this case was objectively unreasonable. Plaintiff thus requests that the reasonable attorneys' fees and costs Plaintiff incurred in pursing this action and in the preparation of this motion is appropriate. Plaintiffs are also entitled to interest under 28 U.S.C. § 1961.

The starting point in determining the reasonableness of a requested fee award is the "lodestar" method, whereby fees are determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). When fixing a reasonable amount for attorneys' fees, courts should consider "what a reasonable, paying

client would be willing to pay," *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 493 F.3d 110, 112 (2d Cir. 2007), and apply the prevailing market rates for attorneys of similar expertise providing comparable services but the court may also rely on its own knowledge of private firm hourly rates. *Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

The $5,932.57 in fees and costs sought by Plaintiff are reasonable. The hourly rate of $385 reflected in the accompanying declaration of Plaintiff's counsel are reasonable and consistent with the prevailing market rates for litigators who specialize in intellectual property disputes. *See Louis Vuitton Malletier v. Artex Creative Int'l Corp.*, 687 F. Supp. 2d 347, 360 (S.D.N.Y. 2009) (approving hourly rate of $540 per hour); *Entral Grp. Int'l, LLC v. Sun Sports Bar Inc.*, 2007 U.S. Dist. LEXIS 72786, at *10 (E.D.N.Y. Sept. 28, 2007) (approving hourly rate of $560.00 in copyright infringement case); *Yurman Designs, Inc. v. PAJ, Inc.*, 125 F. Supp. 2d 54, 58 (S.D.N.Y. 2000) (approving rate of $520.69 per hour for attorneys handling copyright and trademark infringement litigation); *GAKM Res. LLC v. Jaylyn Sales Inc.*, 2009 U.S. Dist. LEXIS 61608, 2009 WL 2150891, at *7-8 (S.D.N.Y. July 20, 2009) (in trademark infringement case, approving $525 hourly rate for an attorney with eleven years of experience). The undersigned counsel's hourly rate of $385 is more than competitive with rates that have been ruled reasonable for intellectual property litigation, particularly when considering he has ten years of experience in litigating intellectual property matters and has published widely in his field. See Parker Decl. at 4.

The approximately thirteen hours spent on this case is reasonable. *Bounty Fresh, LLC v. Paradise Produce, Inc.*, 2010 U.S. Dist. LEXIS 97775 (E.D.N.Y., Sept. 16, 2010) (finding more than forty hour spent in a default action reasonable); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. VREX Constr., Inc.*, 17-CV-05306 (LAK)(SN), 2018 U.S. Dist. LEXIS 99359, at *9 (June 11, 2018 S.D.N.Y.) ("finding 19.8 hours of time reasonable for drafting

14

a complaint and drafting the motion for a default judgment). Accordingly, the time spent pursuing this action and these fees and costs is reasonable.

      E.      **Plaintiff is Entitled to A Permanent Injunction**

The Copyright Act provides for injunctive relief. *See* 17 U.S.C. § 502(a) ("Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."). A court may issue an injunction only where first, the plaintiff demonstrates "(a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation . . . ." Salinger v. Colting, 607 F.3d 68, 79-80 (2d Cir. 2010). Second, the plaintiff must demonstrated "that he is likely to suffer irreparable injury in the absence of an injunction. . . ." *Id*. Third, the balance of hardships between the plaintiff and defendant and issue the injunction tips in the plaintiff's favor. *Id*. Finally, the public interest would not be disserved by the issuance of the injunction. *Id*. This traditional four-factor test is must be applied before the district court may use its equitable discretion to grant a permanent injunction. *Beastie Boys v. Monster Energy Co*., 87 F. Supp. 3d 672, 677 (S.D.N.Y. 2015).

The success on the merits is established as a result of Defendant's default. If not enjoined, Defendant may continue to distribute and publicly display unauthorized copies of Plaintiff's work, thus devaluing Plaintiff's works. The balance of hardships favors Plaintiff because "it is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." *Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 547 (S.D.N.Y. 2015). Finally, there is no disservice to the public interest that would result from the issuance of an injunction. The public interest is served where unlawful activity is thwarted.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion for default judgment and enter an Order: (a) enjoining and restraining Knockout, its agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted works of Plaintiff; (b) awarding Plaintiff statutory damages in the amount of $30,000; (c) awarding Plaintiff its full costs and reasonable attorneys' fees, which at the time of this filing amounts to $5,932.57; and (d) awarding interest pursuant to 28 U.S.C. § 1961.

Dated: January 25, 2019

                         Respectfully submitted,

                         RATH, YOUNG & PIGNATELLI, P.C.

                         By: */s/ R. Terry Parker*
                         RATH, YOUNG and PIGNATELLI, P.C.
                         120 Water Street, Second Floor
                         Boston, MA 02109
                         Telephone: (603) 226-2600
                         Email: rtp@rathlaw.com

                         *Attorneys for Plaintiff*
                         *Thomas Hussey*

## CERTIFICATE OF SERVICE

I, R. Terry Parker, hereby certify that I caused the foregoing document to be served, to be sent to the following by regular mail and electronic mail on the 25th day of January, 2019.

>Knockout Industries, Inc.
>1846 Washington Avenue
>Bronx, New York, 10457
>Email: tonyatko@gmail.com

>*/s/ R. Terry Parker*
>R. Terry Parker